**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WANDA CANFIELD,<br>　　　　　　　*Plaintiff*,<br>　　v.<br>AMICA MUTUAL INSURANCE CO.,<br>　　　　　　　*Defendant*. | CIVIL ACTION<br>NO. 20-2794 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　December 17, 2020

**MEMORANDUM**

　　　　Wanda Canfield sued Amica Mutual Insurance Company, her automobile insurance carrier, after she was injured when her vehicle was struck from behind. Canfield seeks reconsideration of the Court's dismissal of her bad faith claim. (ECF 15.) *See Canfield v. Amica Mut. Ins. Co.*, No. 20-2794, 2020 WL 5878261 (E.D. Pa. Oct. 2, 2020).[1] She also has filed a Second Amended Complaint. (ECF 14.) Because the Second Amended Complaint alleges no new facts, Amica moves to strike Canfield's demand for treble damages and damages in excess of $75,000, arguing that she seeks damages beyond those allowed by 75 Pa. C.S. § 1797. (ECF 16.) The Court denies Canfield's motion and grants Amica's in part.

I

　　　　Motions for reconsideration should be granted "sparingly" and should not be used to "rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (citation omitted). Parties may not ask the

---

[1]　　　The facts underlying Canfield's claims are described in the Court's prior opinion. (ECF 12.)

Court to "reconsider repetitive arguments that have already been fully examined . . . ." *Vaidya v. Xerox Corp.*, No. 97-547, 1997 WL 732464, at *4 (E.D. Pa. Nov. 25, 1997). A reconsideration motion may address "only factual and legal matters that the Court may have overlooked" and may not "ask the [c]ourt to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). Reconsideration does not provide a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Canfield seeks reconsideration of the dismissal of her bad faith claim, arguing that the Court made a clear error of law by failing to properly apply the standard set forth in the Pennsylvania Supreme Court's decision in *Rancosky v. Washington National Insurance Co.*, 170 A.3d 364 (Pa. 2017). (Pl.'s Mot., ECF 15, at ¶ 4-16; Pl.'s Mem., ECF 15 at 4-5.) However, the Court's decision explicitly relied on and clearly followed the two-part test set forth in *Rancosky,* notwithstanding its citations to *Northwestern. Mutual Life Insurance Co. v. Babayan*, 430 F.3d 121 (3d Cir. 2005) and *Gowton v. State Farm Fire & Casualty Co.*, No. 15-1164, 2017 WL 818847 (W.D. Pa. Mar. 2, 2017), cases requiring allegations of an insurer's motive of self-interest or ill-will, which are not prerequisites for a bad faith claim after *Rancosky*.

The Court dismissed Canfield's bad faith claim because she did not allege

sufficient facts to show that: "(1) Amica did not have a reasonable basis for denying benefits under her policy; and (2) Amica knew or recklessly disregarded its lack of a reasonable basis for denying benefits when it denied [her] claim." *Canfield*, 2020 WL 5878261, at *4 (citing *Rancosky*, 170 A.3d at 376-77). First, she did not allege that Amica denied her claim for underinsured motorist (UIM) or personal injury protection (PIP) coverage. She alleged only that Amica had "delayed" her claim and denied its value. (Am. Compl., ECF 4, ¶ 76.) Second, facts alleged in a complaint must include enough detail to render them plausible, "well-pleaded" allegations entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Even if Canfield's Amended Complaint had alleged that her claim was denied, it alleged insufficient facts to show that Amica knew it had no reasonable basis for doing so or that Amica recklessly disregarded any lack of a reasonable basis for the denial. *Rankosky* requires "an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented" and "mere negligence is insufficient for a finding of bad faith . . . ." *Rancosky*, 170 A.3d at 374. Canfield's conclusory allegations were not enough to support her claim. (*See, e.g.* Am. Compl. ¶ 52 (alleging she supplied Amica "with many medical documents from actual treating physicians . . . indicating she needed injections and a possible surgery to alleviate the injuries she incurred from the accident . . . ") (emphasis omitted); *id.* ¶ 77(B) (alleging Amica "relied upon a discredited report of a biased IME doctor"). Although Canfield may disagree with the Court's determination, nothing in her motion shows that her bad faith claim was dismissed because of a clear error of law or that its dismissal amounts to manifest injustice.

II

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). "A demand for damages that is not recoverable as a matter of law may be stricken pursuant to Rule 12(f)." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016) (citations omitted).

Amica seeks to strike Count II of the Second Amended Complaint's demand for damages in excess of $75,000 "to the extent that it requests damages outside the limited scope" of Section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law and also seeks to strike its demand for treble damages. (ECF 16 at 6-9.) Canfield "demands judgment for an amount in excess of $75,000.00 to be paid to medical providers, plus 12% interest, attorney's fees and treble damage payable to Plaintiff for Defendant's wanton conduct as provided under MVFRL Section 1797 plus payment of future benefits to which Plaintiff is entitled." (ECF 14 at p. 15.)

Section 1797(b)(4) allows an insured to challenge "an insurer's refusal to pay for past or future medical treatment or rehabilitative services . . . , the reasonableness or necessity of which the insurer has not challenged before a [peer review organization]." 75 Pa. C.S. § 1797(b)(4). If the Court finds that medical treatment or rehabilitative services were "medically necessary, . . . the insurer must pay *to the provider* the outstanding amount plus interest at 12%, as well as the costs of the challenge and all

4

attorney fees." 75 Pa. C.S. § 1797(b)(6) (emphasis added). The MVFRL "provides for 'a payment of treble damages *to the injured party*" only for "[c]onduct considered to be wanton.'" *Canfield*, 2020 WL 5878261, at *2 (quoting 75 Pa. C.S. § 1797(b)(4) (emphasis in original).)

Canfield contends she sufficiently alleges wanton conduct supporting her demand for treble damages. (*Id.* at 5.) She also argues she "must be given the opportunity to show through discovery the outrageous actions of Defendant through their agents and employees." (*Id.*) But, as Amica argues, Canfield's Second Amended Complaint still lacks sufficient allegations of wanton conduct, as she has not alleged "any new facts at all." (ECF 16 at 9.) The Court will strike her demand for treble damages.

With respect to her demand for judgment in excess of $75,000, Canfield contends it is proper because she "has incurred more than $120,000 in medical bills" and she demands judgment in excess of $75,000 "to be paid to medical providers." (ECF 19 at 4.) To the extent Canfield seeks to recover for the denial of first party medical benefits for medical treatment or rehabilitative services that were "medically necessary" and that are payable to her medical providers, her claim may proceed. 75 Pa. Stat. and Cons. Stat. Ann. § 1797(b)(6). She may not, however, personally recover any amount pursuant to the claim pled in Count II.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
